11399

STATE v. HALL

(120 S. E., 849)

1. INDICTMENT AND INFORMATION—COUNT FOR MURDER AND COUNT FOR ASSAULT AND BATTERY WITH INTENT TO KILL NOT INCONSISTENT.— A count for murder and a count for assault and battery with intent to kill are not inconsistent, and the State is not required to make an election between them.

2. HOMICIDE—EVIDENCE HELD NOT TO SHOW THAT DECLARATIONS OF DECEASED MADE IN VIEW OF IMPENDING DEATH.—Evidence that defendant had been very ill, but had so far recovered that he sat up, and later had a relapse, *held* not to show that he had abandoned all hope of recovery, so as to render his declaration admissible as a dying declaration, notwithstanding his statement that he had to die and could not live.

3. HOMICIDE—ADMISSION AS DYING DECLARATION OF DECLARATION OF ONE WHO HAD NOT ABANDONED HOPE OF RECOVRY HELD ERROR.— Admission as a dying declaration of a declaration of decedent, inconsistent with a previous declaration and not made under circumstances showing that he had abandoned all hope of recovery, *held* error.

Before C. J. RAMAGE, Special Judge, Spartanburg, 1923. Reversed and new trial ordered.

Fred Hall was indicted for murder, convicted of manslaughter and he appeals.

*Messrs. Nicholls & Wyche,* for appellant: *Capital felony and misdemeanor cannot be joined in same indictment:* 22

Cyc., 402, 403. *Dying declarations:* 26 S. C., 152; 34 S. C., 136.

*Mr. I. C. Blackwood, Solicitor,* for the State.

January 14, 1924.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

The appellant was indicted for murder, and convicted of manslaughter. The indictment contained two counts, one for murder and one for assault and battery with intent to kill. The appellant made a motion to require the State to elect upon which count it would go to trial. This motion was refused, and the refusal was made the first ground of appeal.

I. The claim is based upon the theory that there are two offenses charged and that the offenses are inconsistent. The appellant claims that, if the appellant killed the deceased, he could not be guilty of assault and battery with intent to kill. If the appellant will transpose the charges, he will readily see that there is no inconsistency. In every case of intentional killing with malice, where the deceased does not die instantly, the assailant has in the interim been guilty of assault and battery with intent to kill. The subsequent death simply raises the grade of the crime from assault and battery with intent to kill, to murder. Up to the point of the death, the proof is the same.

In the case of *State v. Scott,* 15 S. C., 435, we find:

"The indictment in this case contained a count for burglary, a count for arson, and a count for grand larceny. The jury rendered a general verdict of guilty, upon which the defendant moved, before the Circuit Judge, to arrest the judgment and for a new trial, substantially upon the following grounds: (1) Because there was an improper joinder of offenses."

First, as to the question whether the offenses named can be joined in the same indictment. The rule upon this subject

seems to be that there is no valid objection to the joinder of several distinct felonies in the same indictment, and that such joinder constitutes no ground for demurrer or motion in arrest of judgment.   As to a joinder of a felony and a misdemeanor, see *State v. Strickland,* 10 S. C., 191, and cases cited.   Here the indictment said in plain terms, you assaulted this man with intent to kill him; and adds, you accomplished your purpose.

II. The only remaining question is as to dying declarations.   There are three witnesses as to dying declarations.   The deceased made two statements; one a few days after he received his injuries, and the other about three days before he died.   He lived about a month after his injuries.   It was to the second statement that appellant objected.   The evidence that the deceased had given up all hope of life was not clear enough to allow the introduction of the statement.   The record shows:

"Q. When was it he made this statement, Mrs. Curtis? A. I won't be positive, but I think it was on the third day. One statement he made to me and my daughter and them; Mr. Earl and Mr. Landrum were present when he made the last dying statement."

The witness, Mrs. Curtis, based her belief on the following:   "Well, he said that he had to die and that he could not live."   The deceased had been very ill and thought that he would die nearly a month before.   Then he so far recovered that he sat up and had a relapse.   There is no intimation that the deceased expected immediate death. The death he expected was death from disease, and not the immediate death from a mortal wound.   He had been mistaken before.   The statement to Mrs. Curtis does not indicate that the deceased had abandoned all hope of recovery, but simply that at that time he thought that he would die. Neither Mr. Landrum nor Mr. Earl testified that the deceased made any statement that shows that the deceased considered his end near and inevitable.   There is no evidence

that at the time the dying declaration was written down the deceased had abandoned hope. This anticipation of immediate death at the time of the second statement is especially important, in view of the fact that the two statements do not agree. The second statement tells of a second attack some time later, when the deceased was lying helpless on the ground, an attack for the purpose of robbery, and after this second attack the appellant is said to have left him to all appearances to die. The second statement charged a new and second attack, with absolutely no mitigating circumstances. The jury might have concluded that the second attack produced the injury from which pneumonia resulted, that in turn produced the death.

The judgment is reversed and a new trial ordered.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY dissents.